IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2018 G-CTT, | § § § § § | |
| Plaintiff, | § § | Civil Action No. 4:22-cv-00228 |
| v. | § § | |
| STEVEN C. ARNOLD | § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff the U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016 G-CTT ("U.S. Bank" or "Plaintiff") files this *Original Complaint* against Defendant Steven C. Arnold ("Defendant"), and shows:

### I. PARTIES

1. U.S. Bank is the Plaintiff in this cause who is appearing through the undersigned counsel.

2. Defendant Steven C. Arnold is the current owner of the subject property. He may be served with process at 1007 Redbud Court, Arlington, Texas 76012, or such other place where he may be found. Summons is requested.

### II. JURISDICTION AND VENUE

**A. Diversity Jurisdiction.**

3. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

4. Plaintiff is the trustee of a traditional trust. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). Plaintiff is a national banking association which is chartered and has its main office in Minnesota. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of Minnesota for diversity purposes

5. Defendant is an individual and citizen of the state of Texas.

6. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

7. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

8.    Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property described below exceeds $75,000.00. The Tarrant County Appraisal District values the Property at $193,490.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

B.    **Venue.**

9.    Venue is proper in the Northern District of Texas, Fort Worth Division, under 28 U.S.C. Section 1391(a)(2) because this suit concerns title to real property located in Tarrant County, Texas.

### III. FACTS

10.    On or about February 10, 2014, for value received, Decedent Sharon Brock, deceased ("Borrower" or "Decedent") executed that certain *Note* ("Note") in the original principal sum of $73,056.00 bearing interest at the rate of 4.000% per annum and originally payable to Herring Bank ("Herring"). **See Exhibit A.**

11.    The Note is secured by that certain Deed of Trust ("Security Instrument" and together with the Note, the "Loan Agreement") of even date therewith, signed by Borrower. The Security Instrument was filed for record in the Official Public Records of Tarrant County, Texas under Instrument No. D214033496 granting Herring a valid lien on improved real property in Tarrant County, Texas, commonly known as 1007 Redbud Court, Arlington, Texas 76012 and more particularly described as follows:

LOT 15, OAKLAND ACRES ADDITION, AN ADDITION TO THE CITY OF ARLINGTON, TARRANT COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 388-26, PAGE 82, PLAT RECORDS, TARRANT COUNTY, TEXAS.

(the "Property"). **See Exhibit B.**

12. The Security Instrument names Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, but solely as nominee for Herring. The Loan Agreement was subsequently transferred by MERS to Wells Fargo Bank, N.A. per certain Assignment of Deed of Trust recorded in the Official Public Records of Tarrant County, Texas under Instrument No. D220109611. **See Exhibit C.**

13. The Loan Agreement was then transferred by Wells Fargo Bank, N.A. to U.S. Bank per certain Texas Assignment of Deed of Trust recorded in the Official Public Records of Tarrant County, Texas under Instrument No. D221058511. **See Exhibit D.**

14. Plaintiff is the current legal owner of the Note. Plaintiff is also the beneficiary and a mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

15. Under the terms of the Note and Security Instrument, the Borrower was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

16. The Note and Security Instrument further provide that should the Borrower fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

17. Borrower passed away on June 17, 2018. Upon information and belief, no probate was ever opened for Borrower. Prior to her death, Borrower transferred her interest in the Property via a General Warranty Deed Reserving Life Estate to Defendant Steven C. Arnold. Per

such deed, upon the death of the Borrower, the full estate shall vest in Defendant Steven C. Arnold. **See Exhibit E.** Accordingly, Defendant is the sole owner of record with title over the Property.

20. The foregoing paragraphs are incorporated by reference for all purposes.

18. The Borrower failed to comply with the terms of the Loan Agreement. Notice of Default was provided on April 26, 2021, pursuant to the Loan Agreement and applicable law. **See Exhibit F.** The default was not cured. Accordingly, on March 14, 2022, the Loan Agreement was accelerated when a Notice of Acceleration of Loan Maturity was provided pursuant to the Loan Agreement and applicable law. **See Exhibit G.**

19. In accordance with the Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit to obtain an order for non-judicial foreclosure.

## IV. DECLARATORY JUDGMENT

20. The foregoing paragraphs are incorporated by reference for all purposes.

21. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

22. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of Borrower's failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by the Borrower, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

## V.  CAUSE OF ACTION: NON-JUDICIAL FORECLOSURE

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. As the current mortgagee of record who has the right to enforce the Note and Security Instrument. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Because of material breach of the Loan Agreement, Plaintiff seeks judgment allowing it to enforce its lien through non-judicial foreclosure of the Property in accordance with the Security Instrument and Texas Property Code section 51.0002, or alternatively, a judgment for judicial foreclosure, against the Defendant who acquired interest on the Property upon Borrower's death but subject to Plaintiff's debt.

25. Plaintiff has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of the Borrower's failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument.

## VI.  PUBLIC AUCTION

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the

Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a.  A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b.  A declaration that Plaintiff's lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant is divested, and the purchaser at foreclosure sale is vested, of all of Defendant's right, title, and interest to the Property;

c.  Attorney fees and costs of suit; *and*

d.  All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By:  */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
State Bar No. PR20818
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**